IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-09-0288 |
| ANTOINE CARTER, | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM ORDER

Now pending before the Court is the Defendant's Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act. (ECF No. 1792.) The Government opposes the motion. (ECF No. 1804.) On July 16, 2019, the Court denied the motion on the grounds that the Defendant was not eligible for a sentence reduction. (ECF No. 1817.) The Defendant appealed and the Fourth Circuit concluded the Defendant was eligible under the recently decided *United States v. Wirsing*, 943 F.3d 175 (4th Cir. 2019). (ECF No. 1885.) Because the Defendant had been released from the custodial portion of his sentence at the time the opinion issued, the Fourth Circuit remanded the case with instructions for the district court to consider only whether "to grant the requested sentencing relief regarding [the Defendant's] term of supervised release." (*Id.*) The Court does so now.

The Defendant pled guilty to one count of conspiracy to possess with the intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 846. (Indictment, ECF No. 1; PSR ¶ 2.) At the time he was sentenced, this exposed him to a statutory minimum of five years of supervised release. 21 U.S.C. § 841(b)(1)(A). If the Defendant were sentenced today—post Fair Sentencing Act and post First Step Act—this conviction would expose him to a statutory minimum

of four years of supervised release. 21 U.S.C. § 841(b)(1)(B). The guideline range for a term of supervised release for such a conviction would be four to five years under U.S.S.G. § 5D1.2.

In considering whether a reduction in the Defendant's term of supervised release is appropriate, the Court has the authority and responsibility to consider the factors set forth in 18 U.S.C. § 3583(c). First, considering the history and characteristics of the Defendant, the Defendant has a serious prior criminal history including three prior convictions involving controlled substances. (PSR ¶ 34.) As for the nature and circumstances of the offense, the Defendant was involved in a large drug operation and was responsible for moving significant quantities of crack cocaine. (*Id.* ¶ 7.) The Court takes notice of the fact that large scale drug operations in Maryland are frequently accompanied by violence.

As for the need for deterrence, the Defendant has a significant prior criminal record, suggesting a substantial penalty is necessary to dissuade him from future offenses. The Defendant's incarceration, however, was uneventful, and at the time of the filing of his First Step Act motion, he had had just one infraction in the nine and a half years he was incarcerated. (ECF No. 1792 at 8.) The Court also finds that the need to protect the public is a significant factor in this sentencing decision because of the quantity of drugs involved and the Defendant's prior criminal record. As for the need to avoid unwarranted sentencing disparities, the Court has carefully considered the penalties imposed on others in similar and dissimilar cases. Training and treatment options are not a significant factor in this sentencing decision.

Application of all the relevant considerations, including the Federal Sentencing Guidelines, causes the Court to conclude that a reduction in the Defendant's term of supervised release is appropriate and the term of supervised release that is sufficient but not more than necessary is four years. This is the sentence the Court deems appropriate regardless of the exact computation of the

supervised release guidelines at this late stage. To be clear, even if the guidelines were computed differently, the term of supervised released imposed would nonetheless be four years.

Accordingly, a new judgment and commitment order will issue reducing the term of supervised release to four years. All other terms of the sentence imposed not altered by this memorandum remain in full force and effect and will be reflected in the amended judgment and commitment order.

Therefore, the Motion for the Imposition of a Reduced Sentence pursuant to Section 404 of the First Step Act (ECF No. 1792) is GRANTED to the extent described above.

DATED this 29th day of June, 2020.

BY THE COURT:

/s/

James K. Bredar
Chief Judge